ALVAREZ ET AL., PLAINTIFFS AND APPELLANTS, v. GUTIÉRREZ
ET AL., DEFENDANTS AND APPELLEES.

Appeal from the District Court of San Juan in an Action
for Nullity of Sale, Etc.

No. 2123.—Decided June 1, 1920.

COMMUNITY PROPERTY—MORTGAGE—CONSENT OF WIFE.—The law prohibits a hus-
band from mortgaging community property without the consent of his wife,
but does not prohibit him from acquiring mortgaged property without her
consent.

ID.—ID.—PARTNERSHIP—THIRD PERSONS—FRAUD.—When for a consideration a
mortgage is assigned to a partnership of which the mortgagee is a member
and upon the liquidation of the partnership the mortgage is allotted to per-
sons who are not the heirs of the deceased mortgagee, the assignees are third
persons both under the mortgage law and the civil law; therefore, and also
because the allegations of simulation and fraud have not been proved, the
nullity of the mortgage can not be adjudged.

The facts are stated in the opinion.

*Mr. A. Sarmiento* for the appellants.

*Messrs. E. Acuña, J. Martínez Dávila* and *L. Muñoz Mo-
rales* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellants maintain that Andrés Crosas O'Ferral,
or his duly authorized agent, by fraudulent representations
induced the principal appellant, Antonio Alvarez González,
to buy a piece of property, and they sought in their com-
plaint the nullity of the mortgage for the balance of the
purchase money and also claimed damages. The fraudulent
representation relied on was that the land in question had
free exits and entrances over land of the American Railroad
Company, whereas, in point of fact, such exits and entrances
were subsequently cut off by the said American Railroad
Company.

To annul the mortgage in this case the appellants also
maintain that at the time of the transfers to which the suit
relates, the wife of Antonio Alvarez González was insane;
that therefore the agent of Crosas conveyed the property to

the son of Antonio Alvarez González, who, in turn, conveyed it to his father; that the said wife, of course, could not agree to the mortgage for the deferred purchase money and hence the whole transaction was a simulated one.

The question of fraud was promptly eliminated by the court and we find no evidence in the record of any fraudulent acts on the part of Crosas or his agent. The proof indeed shows that Antonio Alvarez González, the ultimate purchaser, had complete knowledge of the state of the land, its exits and entrances, and that all the conveyances, if not made solely at his suggestion, were made at least with his entire consent. The evidence tends to show that at the same time that Antonio Alvarez González was negotiating with the agent of Crosas he was also negotiating with the American Railroad Company to obtain a right of way across their land and that subsequently he filed a suit in the Federal Court to substantiate his claim against the said American Railroad Company. It would also seem, although we need not insist upon this point, that where there is a recorded title, as here, a purchaser would be bound to know whether or not a servitude existed before he completed his sale. So far as Antonio Alvarez González is concerned, the failure of proof disposes of his claim.

This, however, is not a suit by Antonio Alvarez González alone. His wife is dead and he is joined by his two sons who set up the nullity of the sales and of the mortgage on account of the insanity of the wife and mother. In the absence of fraud we have no doubt that the conveyance from Crosas to the son was legal, and that the latter, of age and unmarried, had a right to mortgage the land for the deferred purchase money. Likewise, in the absence of fraud, Antonio Alvarez González had a right to buy the land, subject to the mortgage, from his son. Antonio Alvarez González was the representative of the partnership existing between himself and his wife and had a right to buy mortgaged

property. The law only prohibits a husband from mortgaging community property without the consent of his wife, but this is a very different thing from saying that the husband may not buy property already mortgaged.

Supposing, however, a fraud committed against the wife. It is her heirs alone who would have an action against the guilty husband and his coadjutors. The proof did not satisfy the court below and does not satisfy us that Crosas or his agents had any knowledge of the insanity of the wife of the principal appellant. Both Antonio Alvarez González and the son from whom he purchased would, by reason of their intervention in all the deeds, be estopped from setting up a claim against Crosas. We are inclined to think, too, that the other son, who joined with his father and brother to file this complicated action, must stand or fall with his co-complainants. In any event, no fraud or knowledge of Crosas was proved.

This, however, is not all the defense. Crosas made the mortgage credit a part of the capital of the firm to which he belonged. Both he and his partner died and in the subsequent liquidations the credit was assigned to persons who, in the main or entirely, are not the heirs of Crosas, nor responsible for his act or that of his agent. A mortgage would therefore have to subsist, because the assignees are third persons both under the Mortgage Law and the Civil Law.

This was also an action for damages, but the proof of fraud failing, and for other reasons, the heirs of Crosas can not be made to answer for the said damages.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.